552 A.2d 1072

**COMMONWEALTH of Pennsylvania**

v.

**Rodolfo SANTIESTEBAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1988.

Filed Dec. 28, 1988.

Reargument Denied Feb. 9, 1989.

Anthony J. Petrone, Philadelphia, for appellant.

Jeffrey Hellman, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County denying defendant's motion in arrest of judgment.

On March 7, 1986, Philadelphia Police Officer Rosemary Giordano obtained a search warrant for the premises located at 3521 North Phillip Street in Philadelphia. On that date at 6:30 a.m., Officer Giordano and other officers knocked on the door and announced their presence and possession of a warrant. The officers waited thirty to sixty seconds, and then broke through the door. In the second floor front bedroom, the defendant, Rodolfo Santiesteban, was lying in bed, awake, next to a sleeping female. On the floor was an open briefcase, full of United States currency, later determined to be $6,271.00. A closed metal box containing $4,500.00 in cash was found in a chest of drawers in the bedroom; an additional $522.00 was found in the pocket of defendant's pants, which were on the floor next to the bed.

On the first floor of the house, police found concealed inside a heating grate a plastic bag containing approximately one ounce of a hard white substance, later determined to be cocaine. The officers also found a brown paper bag containing empty clear plastic packets and 1,000 plastic bags. A gram scale, plastic strainer, and a grinder with cocaine residue were also found inside the heating grate.

Santiesteban was arrested and tried before a jury. He was convicted of possession of a controlled substance with intent to deliver, 35 P.S. § 780–113(a)(30), and possession of drug paraphernalia, 35 P.S. § 780–113(a)(32). Santiesteban filed a motion in arrest of judgment based on his contention that the evidence was insufficient to sustain the conviction. This motion was denied. The defendant also filed a motion for a new trial, which was granted.

On appeal, Santiesteban raises one issue: Did the trial court err in denying defendant's Post–Verdict Motion in Arrest of Judgment on the basis that the evidence presented was insufficient to prove that defendant, as opposed to

other persons with equal access, was in constructive possession of contraband seized by the police?

At trial, the Commonwealth presented evidence that the defendant resided in the house on Phillips Street. Defense witness Flor Perez testified that he and another man named Angel Cruz were "doing drugs at that time" and would "go to the house on Phillip Street." Perez testified that he did not know what, if any, relationship there was between Angel Cruz and the defendant; he only knew that Angel Cruz had keys to the house and would "shoot up" cocaine there, and Perez would join him there to smoke cocaine. This activity went on for a period of approximately four weeks. Perez indicated that the defendant was not living in the house during that time, and that he met Santiesteban when Santiesteban was moving into the house.

The well-established standard for reviewing a sufficiency of the evidence claim on appeal has been stated by our Supreme Court as follows:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered.... Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Griscavage,* 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986) *quoting Commonwealth v. Harper,* 485 Pa. 572, 576–577, 403 A.2d 536, 538–539 (1979) (citations omitted). When reviewing for sufficiency of the evidence, an appellate court may not substitute its judgment for that of the jury. *Commonwealth v. Bachert,* 499 Pa. 398, 453

A.2d 931 (1982), *cert. denied,* 460 U.S. 1043, 103 S.Ct. 1440, 75 L.Ed.2d 797 (1983).

■ Constructive possession, on which the Commonwealth's case is based, is a legal fiction—"a pragmatic construct to deal with the realities of criminal law enforcement." *Commonwealth v. Mudrick,* 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). Our Supreme Court has defined constructive possession as "conscious dominion," *Commonwealth v. Davis,* 444 Pa. 11, 15, 280 A.2d 119, 121 (1971), and has further defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Macolino,* 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Additionally, our Supreme Court has held that constructive possession may be established by the totality of the circumstances. *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974).

In *Mudrick, supra,* the defendant was convicted of possession of marijuana and cocaine and possession with intent to deliver. Local police officers and narcotics agents arrived at the residence of Sandra Deitz, the defendant's girlfriend, in Pocono Summit, Pennsylvania. Their intention was to serve a New Jersey fugitive warrant on Ms. Deitz. They knocked on the door, and the defendant answered. Ms. Deitz was placed under arrest. The defendant told the officers that he lived with Ms. Deitz and that they were going to be married. When the officers saw a box of what they believed to be marijuana on a table in the living room, they ordered defendant to sit down. Some of the officers left to obtain a search warrant. When they returned with the warrant, the officers found marijuana in the living room and cocaine in the bedroom and study. The defendant was arrested.

At trial, defendant Mudrick presented evidence that he lived in Blakeslee in the home of Patrick Simonick, and that he paid room and board to Simonick. A jury convicted Murdrick and this Court reversed, finding that the Commonwealth had proven no more than the defendant's pres-

ence at the scene, and that the evidence was therefore insufficient to support the conviction.

The Pennsylvania Supreme Court reversed, acknowledging that although the tests for showing constructive possession may be "helpful and logical in the abstract, application to actual factual situations, particularly when multiple actors are involved, has proven difficult for [the] ... courts in cases involving controlled substances located on premises in ... possession but not on the actual person of any of the parties entitled to occupy those premises." *Mudrick*, 510 Pa. at 308, 507 A.2d at 1213. The Court concluded that constructive possession may be found if contraband is located in an area of [individual] or joint control and access. *Id.*, 510 Pa. at 310, 507 A.2d at 1214.

■ These principles are equally applicable here. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences in favor of the Commonwealth, we conclude that the jury in this case could properly find that the defendant, who lived in the house, had both access and control of the first floor where the contraband was found. From this, as well as other circumstantial evidence, including the large amount of cash in defendant's bedroom, the jury could infer constructive possession even though evidence directly connecting the defendant with the contraband is lacking. *Mudrick, supra; Macolino, supra; see also Commonwealth v. Stamps*, 493 Pa. 530, 427 A.2d 141 (1981) (in prosecution for possession of heroin, evidence was sufficient to prove beyond a reasonable doubt that defendant, as sole tenant of apartment, was in constructive possession of heroin hidden under sofa cushion in parlor bedroom of apartment); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984) (Commonwealth may demonstrate constructive possession of drugs or narcotics from totality of the circumstances, even though others may have had access to the drugs).

ORDER AFFIRMED.