J-S15036-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OTTO PAXTON, | |
| Appellant | No. 230 EDA 2015 |

Appeal from the Judgment of Sentence August 22, 2012
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0000231-2012

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 02, 2016**

Appellant, Otto Paxton, appeals *nunc pro tunc* from the judgment of sentence imposed pursuant to his conviction of possession of a firearm by person prohibited, possession of a firearm with altered manufacturer's number, prohibited offensive weapons, and possession of drug paraphernalia.[1] We affirm.

We take the following background from the trial court's June 6, 2013, and April 21, 2015, opinions, and our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6110.2, and 908(a); and 35 P.S. § 780-113(a)(32).

Police began investigating [Appellant] and his brother William Paxton in June of 2011. . . .

On July 12, 2011, police executed a search warrant at the [Paxton home located at 2407 Bloomsdale Road, in Bristol Township, Bucks County]. When police arrived at the residence, William Paxton was on scene and was found to be in physical possession of a plastic bag filled with a mix of rice and [2.0 grams of crack] cocaine.

A black Cadillac registered to [Appellant] was parked in [front] of the Paxton residence. The registration to that vehicle was found on the dining room table. The registration was valid from June of 2011 to April of 2012. Police also found a document addressed to [Appellant] at the Bloomsdale Road address regarding medical services he received in September of 2010.

The residence had three bedrooms. In a bedroom identified at trial as bedroom number one, police recovered two firearms[, ammunition, cash, cocaine, and marijuana]. . . .

The evidence established that William Paxton utilized bedroom number one. . . .

[Appellant utilized bedroom number two, which] was locked when police arrived. After gaining entry by force police found two handguns. A Jennings 9-millimeter semiautomatic handgun, loaded with nine rounds, was located on a chair. A Bryco Arms .380 semiautomatic handgun was found in a holster in a box near the bed. Neither handgun was registered. In a bag next to the bed, police found a box with loose ammunition. In the bottom drawer of a dresser, police discovered a sawed-off shotgun with the serial number obliterated. The shotgun was previously owned by [Appellant's] deceased father. A vest containing twenty-four (24) rounds of shotgun ammunition was found hanging in the closet. Inside another plastic bag, police found a box containing rifle and pistol ammunition.

. . . The door to the second bedroom was separately secured from the rest of the residence and was padlocked when police arrived. None of William Paxton's keys fit that lock. Photographs of [Appellant] and mail addressed to [Appellant] at the Bloomsdale Road address was found in the room. The mail

was postmarked May and June of 2011 and January and February of 2010. A wallet on top of the dresser in the room contained [Appellant's] Pennsylvania driver's license indicating an address of 2407 Bloomsdale Road. The wallet also contained [Appellant's] social security card and an identification card that displayed [Appellant's] photograph and signature. Inside a second wallet found in the room, police found another Pennsylvania driver's license of [Appellant's] and an identification card from St. Mary's Medical Center with [Appellant's] name and photograph. Police also found [Appellant's] birth certificate in the room. In the bottom drawer of the dresser, next to the sawed-off shotgun, police found mail, all of which was addressed to [Appellant].

The third bedroom served as a storage room. Inside that room police found a pistol cleaning kit and mail addressed to [Appellant] at 2407 Bloomsdale Road which included a box of checks. Inside the closet of that room, police found two cigar boxes filled with ammunition, a digital scale with white residue, latex gloves, and three razor blades wrapped inside of a napkin, all with white residue on them. The white material on the scale and razor blades was tested and was identified as being cocaine-based residue.

On July 13, 2011, the day after the execution of the search warrant, police arrived at 2407 Bloomsdale Road and observed [Appellant] removing items from the home.

At trial [Appellant] claimed to be living elsewhere but admitted that he went to the Bloomsdale Road residence at least two times per week. He admitted that the bedroom identified as bedroom number two was, at one time, his bedroom. [Appellant] also admitted that he knew that there were guns in his room. [Appellant] denied knowing about the presence of the sawed-off shotgun in the dresser claiming that he never used the dresser in his bedroom. When asked to explain the presence of his mail in the same drawer as the shotgun, [Appellant] claimed that someone else put his mail there without his knowledge.

(Trial Court Opinion, 6/06/13, 1-5) (record citations and footnote omitted).

On April 27, 2012, at the conclusion of trial, the jury convicted

Appellant of possession of drug paraphernalia, possession of a firearm with

altered manufacturer's number, and prohibited offensive weapons. The trial court found Appellant guilty of possession of a firearm by person prohibited. On August 22, 2012, the court sentenced Appellant to an aggregate term of not less than twelve-and-one-half nor more than twenty-five years' incarceration, with one year of probation to run concurrently. On August 31, 2012, Appellant filed a motion for reconsideration that was denied by operation of law on February 25, 2013. *See* Pa.R.Crim.P. 720(B)(3)(a).

On March 27, 2013, Appellant filed a *pro se* direct appeal. On April 1, 2013, the trial court ordered him to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 15, 2013, Appellant's counsel filed a timely concise statement challenging the sufficiency of the evidence.[2] On May 15, 2013, Appellant filed an untimely *pro se* concise statement of errors complained of on appeal raising additional issues. On June 6, 2013, the trial court filed an opinion only addressing the issue raised in the counseled statement, observing that Appellant was not entitled to hybrid representation. (*See* Trial Ct. Op., 6/06/13, at 5 n.11). On December 2, 2013, this Court dismissed Appellant's appeal due to his failure to file a brief.

_____

[2] Appellant filed *pro se* applications for appointment of counsel on May 13 and 15, 2013. Because Appellant already was represented, the clerk of courts time-stamped the motions and entered them on the docket, but no further action was taken on them.

On July 7, 2014, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, wherein he sought leave to file a post-sentence motion and appeal *nunc pro tunc*. The court appointed PCRA counsel who filed an amended petition on November 3, 2014. On December 15, 2014, by agreement of the parties, the court granted Appellant's PCRA petition. Although the docket reflects that the clerk of courts sent notice of the order to the parties, both the Commonwealth and Appellant agree that they did not receive notice of the order's filing from the clerk of courts. (**See** Appellant's Brief, at 16; Commonwealth's Brief, at 4). The trial judge's clerk sent both parties an email advising them of the order's filing, but Appellant's counsel represents that she was not aware of it until after the time for filing post-sentence motions *nunc pro tunc* had expired. (**See** Appellant's Brief, at 16, n.12; Commonwealth's Brief, at 4). On January 12, 2015, Appellant filed a timely notice of appeal. On April 6, 2015, Appellant filed a timely statement of errors complained of on appeal, and the trial court filed an opinion on April 21, 2015. **See** Pa.R.A.P. 1925.

Appellant raises three issues for this Court's review:

I.    Was the evidence presented at trial insufficient to sustain the verdicts of guilt with respect to Appellant's convictions for possession of a firearm with altered manufacturer's number, possession of offensive weapon and possession of firearm by person prohibited?

II.    Can Appellant raise a sentencing claim that counsel was prevented from preserving in the [trial] court when [the] clerk of

court[s] failed to serve the parties with a copy of the court's order reinstating Appellant's post-sentence and direct appeal rights *nunc pro tunc*?

III. Did the [trial] court commit reversible error and abuse its discretion when it imposed three consecutive statutory maximum sentences that exceeded the guidelines, were manifestly excessive, and contrary to the fundamental norms which underlie the sentencing process?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction of the possessory weapons charges. (**See id.** at 20-24). Appellant's claim does not merit relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted).

Here, Appellant was convicted of three weapons charges, and he argues that "the evidence was insufficient to establish that he constructively possessed any of the weapons." (Appellant's Brief, at 21).[3] We disagree.

> When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession. . . . Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. [T]wo actors may have joint control and equal access and thus both may constructively possess the contraband. The intent to exercise conscious dominion can be inferred from the totality of the circumstances.

*Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa. Super. 2005) (citations and quotation marks omitted).

In finding the evidence sufficient to establish that Appellant possessed the firearms located in the second bedroom of the house on Bloomsdale Road, the trial court reasoned:

> [Appellant] was frequently at the residence. (*See* N.T. Trial, 4/25/12, at 91; N.T. Trial, 4/26/12, at 140-41; N.T. Trial, 4/27/12, at 50). His vehicle registration and driver's licenses identified the Bloomsdale Road residence as his current address. (*See* N.T. Trial, 4/26/12, at 31, 34, 59). He received mail at

---

[3] "In order to establish a *prima facie* case of [p]erson not to [p]ossess [f]irearms, the Commonwealth must prove that a person possessed a firearm and had a prior conviction of an offense listed in 18 Pa.C.S.[A.] section 6105(b)." *Commonwealth v. Williams*, 911 A.2d 548, 550-51 (Pa. Super. 2006) (citation omitted). Pursuant to the crimes code, "[n]o person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2(a). The Crimes Code additionally provides, in pertinent part, "[a] person commits a misdemeanor of the first degree if, except as authorized by law, he . . . possesses . . . [a] sawed-off shotgun[.]" 18 Pa.C.S.A. § 908(a), (c).

that address and kept important documents and other personal items in bedroom number two of that residence. (*See id.* at 29, 31-34, 47-49, 59-60). [Appellant] admitted that the bedroom where the relevant firearms were found had been his bedroom. (*See* N.T. Trial, 4/27/12, at 42). Finally, [Appellant] admitted that he knew guns were in the room. (*See id.* at 42, 53). This evidence is sufficient to establish that [Appellant] exercised dominion and control over the separately secured bedroom and the weapons located inside that bedroom in the Paxton residence. *See Commonwealth v. Santiesteban*, 552 A.2d 1072, 1074-75 (Pa. Super. 1988)[, *appeal denied*, 571 A.2d 382 (Pa. 1989)] (finding trier of fact could infer constructive possession where the defendant lived in house, had access and control of floor where the contraband was recovered, and large amount of cash was found in his bedroom); *Commonwealth v. Keefer*, 487 A.2d 915, 918 (Pa. Super. 1985) (finding evidence sufficient to support inference that defendant maintained control over bedroom where drugs were seized and, thus, over the drugs, where men's clothing and receipts, one with the property's address listed as defendant's, were found in bedroom). . . .

(Trial Ct. Op., 6/06/13, at 6-7) (record citations provided).

After our own independent review of the record, we agree with the findings of the trial court. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the trial court did not abuse its discretion when it found that there was sufficient evidence that Appellant constructively possessed the firearms to support his convictions. *See Harden*, *supra* at 111; *Jones*, *supra* at 121. Appellant's first issue does not merit relief.

In Appellant's second issue, he argues that his third claim, which challenges the discretionary aspects of his sentence, should not be waived for his failure to file a post-sentence motion addressing and preserving the

allegation,[4] because the clerk of courts failed to forward him a copy of the trial court's order reinstating his right to file post-sentence motions and an appeal *nunc pro tunc*. (**See** Appellant's Brief, at 24-28).

Pursuant to Pennsylvania Rule of Criminal Procedure 114, upon receiving an order for filing, the clerk of courts is required to serve a copy of the notice on the parties' counsel in writing by personal delivery or mail. **See** Pa.R.Crim.P. 114(B).

In this case, the docket includes a notation by the clerk of courts regarding when it provided notice of the trial court's order to counsel. (**See** Trial Court Docket, CP-09-CR-0000231-2012, at 16). However, the filed order does not have a document appended to it that contains the addresses to where the clerk sent notice, as is present with other trial court orders. (**Compare** Order, 12/15/14 **with, e.g.**, Order, Trial Court Opinion, 4/21/15, at attachment **and** Order, 1/15/15, at attachment). Indeed, both the Commonwealth and Appellant agree that they did not receive notice of the entry of the court's order from the clerk of courts. (**See** Appellant's Brief, at 16; Commonwealth's Brief, at 4). Although the court's law clerk apparently

---

[4] It is well-settled that "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and internal quotation marks omitted).

did email a copy of the signed order to the parties, such a means of serving notice is not authorized by Rule 114. (**See** Appellant's Brief, at 16 n.12; Commonwealth's Brief, at 4); Pa.R.Crim.P. 114.[5]

Based on the foregoing breakdown in the court system, we will not penalize Appellant for his failure to file post-trial motions raising the discretionary aspects of sentence claim and, in the interest of justice, we decline to deem Appellant's sentencing claim waived. **See Commonwealth v. Hess**, 810 A.2d 1249, 1255 (Pa. 2002) (holding that because defendant did not receive order directing him to file concise statement of matters complained of on appeal, he could not be penalized for failing to file timely statement or found to have waived all claims for purposes of appellate review); **accord Commonwealth v. Parks**, 768 A.2d 1168, 1172 (Pa. Super. 2001). Accordingly, we will address the merits of Appellant's third claim.

In his third issue, Appellant claims that the trial "court imposed a sentence that exceeded the aggravated range of the Sentencing Guidelines without adequately setting forth its reasons on the record, and [] improperly [relied] on the severity of the crime and the nature of the charges for which

---

[5] We are cognizant that the parties stipulated to the court's order granting Appellant's PCRA petition and permission to filed post-sentence motions and an appeal *nunc pro tunc*. However, there is nothing in Rule 114 that states the clerk of courts is not required to provide notice of the order's filing where the parties stipulate to its terms. **See** Pa.R.Crim.P. 114.

[he] had been previously convicted . . . ." (Appellant's Brief, at 29-30).

Appellant's challenge to the discretionary aspects of his sentence "must be considered a petition for permission to appeal." ***Commonwealth v. Best***, 120 A.3d 329, 348 (Pa. Super. 2015) (citations omitted).

> The Rules of Appellate Procedure mandate that, to obtain review of the discretionary aspects of a sentence, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. ***See*** Pa.R.A.P. 2119(f). This statement must raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a fundamental norm of the sentencing process.

***Id.*** (citations and quotation marks omitted).

Here, Appellant's claim raises a substantial question. ***See Commonwealth v. Griffin***, 804 A.2d 1, 7 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) ("A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review."). Therefore, we will consider the issue's merits.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citations omitted).

> The Sentencing Code requires a trial judge who intends to sentence outside the guidelines to demonstrate, on the record, his awareness of the guideline ranges. Having done so, the sentencing court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. In doing so, the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only.

***Griffin***, ***supra*** at 7 (citations omitted); ***see also Glass***, ***supra*** at 727-28 ("the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.") (citation omitted).

In this case, when explaining its reasons for Appellant's sentence, the court stated, in pertinent part:

> [Appellant] has been convicted of possessing [a 9-millimeter Jennings handgun] when he is precluded from doing so as a result of a felony conviction. . . .
>
> . . . He is also charged with possessing a firearm with an altered serial number, which is the .38 caliber semiautomatic handgun[.]
>
> He has also been convicted by a jury of possessing a prohibitive offensive weapon, which is a sawed-off shotgun . . . .

- 12 -

. . . [T]here is . . . absolutely no explanation or reason to have a sawed-off shotgun, other than to utilize that in order to commit a crime.

There is no reason to have a firearm with an altered . . . manufacturer's number, except in order to use that to commit a crime and go and have that weapon not be identified or connected to [Appellant.] . . .

The purpose for possessing these weapons I am not going to attribute to any particular purpose. . . . But, in any case, these three weapons indicate without any doubt whatsoever that these weapons were intended for criminal use, and only for criminal use. Whatever that criminal use may be, it certainly involves use of violence. And I take that into account.

I take into account that [Appellant] has engaged in criminal conduct since at least as far back as 1982, [which included convictions for assault, robbery, and third degree murder.]

. . . [T]herefore, I find that the nature of the crime is such that it requires incarceration for a long period of time. Since [Appellant] has clearly not learned anything as a result of incarceration in the state penitentiary, his history of criminal conduct and his history during the course of his incarceration has demonstrated that he is a violent individual who will use violence when and if he deems it necessary;[6] and he will continue to do so. The only way to protect the public from [Appellant] is to remove him from the community for as long as possible.

There is no excuse or justification for [Appellant's] possession of these weapons. And to impose a lesser sentence than I'm about to impose would depreciate the seriousness of the crimes charged and would ignore his history of criminal conduct and violence.

_____

[6] While in prison, Appellant stabbed a fellow inmate and attempted to throw a person off the tier of the sixth floor. (*See* N.T. Sentencing, 8/22/12, at 17).

- 13 -

(N.T. Sentencing, 8/22/12, at 24-26). We agree.

We conclude that the trial court aptly stated its reasons for imposing Appellant's sentence, where it took into account the protection of the public, and the gravity of the particular offenses as they related to the impact on the community. *See Griffin*, *supra* at 7. The court also considered the arguments of counsel, Appellant's testimony, and the sentencing guidelines. (*See* N.T. Sentencing, 8/22/12, at 11-15, 17-18, 26-27). Moreover, the court had Appellant's pre-sentence investigation report and therefore we presume that it was aware of relevant information regarding his character and weighed those considerations along with mitigating statutory factors. *See Best*, *supra* at 348-49; (*see also* N.T. Sentencing, 8/22/12, at 5-6).

Based on the foregoing, we conclude that the trial court did not abuse its discretion or commit an error of law by imposing Appellant's sentence. *See Glass*, *supra* at 727-28. Therefore, Appellant's third issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

- 14 -