J-A04027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIOVANNI RIVERA | : | |
| | : | |
| Appellant | : | No. 786 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002123-2020

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 10, 2022**

Appellant Giovanni Rivera appeals from the judgment of sentence imposed following his convictions for possession with intent to deliver a controlled substance (PWID) and related offenses. Appellant argues that the trial court erred in denying his motion to suppress and that the Commonwealth failed to prove constructive possession. We affirm.

The trial court summarized the underlying facts of this matter as follows:

On January 13, 2020, a 2019 Jeep Grand Cherokee went missing from Avis Rental Car Company. At some point between January 13, 2020 and January 24, 2020, Appellant had obtained possession of a 2019 Jeep Grand Cherokee. On January 24, 2020, Police Officer Stephen Mancuso, Detective John Harrigan, and Detective Stephen Kershaw went to the 2100 block of North Front Street in the city and county of Philadelphia. The officers had gone to the area while following a GPS signal from the 2019 Jeep Grand Cherokee, which had been reported stolen by the manager at the Avis Rental Car Company. After arriving at the location and surveying the area, the officers discovered the rental Jeep parked in front of 2115 North Front Street. Appellant had parked the

vehicle outside of a barbershop while he had his hair cut. Appellant was allegedly in the barbershop for forty minutes, during which time no one approached the rental Jeep. When Appellant finished his haircut, he approached the rental Jeep unaccompanied by anyone else. Upon Appellant entering the driver's seat of the vehicle, officers converged on Appellant and placed him into custody. The keys to the vehicle were in the cup holder when Appellant was apprehended.[1] Officers recovered $4,074 from Appellant's person and officers recovered a plastic bag containing four bundles of heroin from under the rear passenger seat.[2] Officers also recovered an amber pill bottle containing 87 pills as well as a firearm from underneath a rug covering the spare tire in the trunk area of the vehicle.

Trial Ct. Op., 6/25/21, at 1-2.

On January 24, 2020, Appellant was charged with PWID, possession of a controlled substance, possession of a firearm by a prohibited person, carrying firearms without a license, and possession of an instrument of crime (PIC).[3]

Prior to trial, Appellant filed a motion to suppress the statements that he made to police during the traffic stop and the physical evidence recovered from the vehicle. Mot. to Suppress, 9/22/20, at 1. Therein, Appellant argued that there was no evidence to establish that he possessed the narcotics or the firearm or that Appellant was aware of their presence in the vehicle. *Id.* at 3.

_____

[1] The vehicle was a push start car, so the keys did not need to be in the ignition for Appellant to start it. *See* N.T. Suppression Hr'g, 10/28/20, at 67.

[2] At the suppression hearing, Detective Harrigan testified that he also found clothing in the backseat of the car that appeared to fit Appellant. *See* N.T. Suppression Hr'g, 10/28/20, at 82.

[3] 35 P.S. §§ 780-113(a)(30), (a)(16), 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 907(a), respectively.

On December 16, 2020, the trial court issued an order granting Appellant's motion with respect to the statements he made to police. However, because the trial court concluded that Appellant did not have an expectation of privacy in the vehicle, the court denied Appellant's motion to suppress the evidence recovered during the warrantless vehicle search.

Ultimately, on February 4, 2021, Appellant was found guilty of PWID and possession of a controlled substance with respect to the packets of heroin under the back seat.[4] On April 4, 2021, the trial court sentenced Appellant to an aggregate term of thirty to sixty months' incarceration.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues:

1. Did the [trial] court err when it denied Appellant's motion to suppress the narcotics seized by police during the warrantless search of the vehicle in which Appellant was seated at the time of his arrest?

2. Did the [trial] court err when it found Appellant guilty of possession of narcotics found hidden under the back seat of the vehicle in which he was seated at the time of his arrest?

---

[4] The trial court clarified that it found Appellant guilty of PWID and possession of controlled substance with respect to the heroin packets found under the backseat only and not with respect to the pills found in the trunk. N.T. Trial, 2/4/21, at 49. Additionally, the trial court found Appellant not guilty with respect to the charge of carrying a firearm without a license, and the Commonwealth *nolle prossed* the charge of possession of a firearm by a prohibited person.

Appellant's Brief at 6 (some formatting altered).

In his first claim, Appellant argues that the trial court erred in denying his motion to suppress the physical evidence that was recovered from the rental vehicle. *Id.* at 15. In support, Appellant argues that he had a reasonable expectation of privacy in the vehicle because he had a "legitimate subjective belief that he legally possessed the vehicle at the time of its seizure." *Id.* at 16. Appellant further claims that he believed he was renting the vehicle from an individual "affiliated with Avis car rental[,] from whom he had previously rented a vehicle." *Id.* Appellant argues that he "had no way of knowing that the car was stolen or that the person from whom he obtained the [v]ehicle did not have the authority to rent the [v]ehicle to him." *Id.*

The Commonwealth maintains that Appellant did not have a reasonable expectation of privacy in the rental vehicle. Commonwealth's Brief at 6. In support, the Commonwealth argues that "[a]lthough [Appellant] claimed that he had 'rented' the car from an employee of a car rental company, he did not go through any normal rental process. Instead, by his own account, he had picked up the car from a friend of a friend in a random parking lot." *Id.* The Commonwealth further notes that "[t]here was no paperwork or other formal agreement authorizing him to drive the car." *Id.* Under these circumstances, the Commonwealth concludes that "[n]o reasonable person would believe that they were legitimately renting a car." *Id.* at 8.

When reviewing an order denying a motion to suppress, our standard of review is as follows:

J-A04027-22

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (citation omitted). Our scope of review is limited to the record from the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013).

"[U]nder Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched." *Commonwealth v. Jones*, 874 A.2d 108, 117-18 (Pa. Super. 2005) (citations and quotation marks omitted).

This Court has explained:

> An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

- 5 -

*Id.* at 118 (citation omitted).

However, "Pennsylvania law makes clear there is no legally cognizable expectation of privacy in a stolen automobile." *Id.* (citing ***Commonwealth v. Strickland***, 707 A.2d 531, 534 (Pa. Super. 1998)). Further, this Court has held that the unauthorized driver of a rental vehicle does not have a reasonable expectation of privacy in that vehicle. ***See id.*** at 120 (finding that the defendant did not have an expectation of privacy in a rental car because the "return date [on the rental automobile] had expired, [the defendant] was not the named lessee, the named lessee was not in the automobile, and [the defendant] was not authorized to drive the automobile"); ***see also Commonwealth v. Cruz***, 21 A.3d 1247, 1251-52 (Pa. Super. 2011) (concluding that the defendant failed to demonstrate that he had an expectation of privacy in a vehicle because he "presented no evidence that he owned the vehicle, that it was registered in his name, or that he was using it with the permission of the registered owner").

Here, the trial court addressed Appellant's claim as follows:

Appellant had no expectation of privacy in the 2019 Jeep Grand Cherokee. Whereas the appellant in [***Jones***, 874 A.2d at 112] was borrowing a legally rented vehicle from a friend, Appellant in this matter obtained possession of this stolen vehicle at some point between January 13, 2020 and January 24, 2020 and had not borrowed the legally rented vehicle from a friend. Further, this was not a case where Appellant had legally rented the vehicle himself and had retained the vehicle past the car-rental surrender date. It is undisputed that this vehicle was, in fact, stolen: Avis Rental Company reported it stolen after it had disappeared from their possession. Avis used GPS tracking technology to locate their vehicle and provided this information to police so the vehicle

could be retrieved. The parties stipulated that Appellant "did not have [the rental company's] permission to be in possession of the Jeep on the date of January 24, 2020." Thus, the evidence presented clearly showed that Avis owned this vehicle, that Avis reported this vehicle stolen, and through a stipulated "ownership and non-permission witness" showed that Appellant had no permission to rent or use this vehicle.

Trial Ct. Op. at 4.

Following our review, we discern no error of law in the trial court's conclusions. *See Smith*, 164 A.3d at 1257. As noted above, at the suppression hearing, the Commonwealth presented evidence that the rental vehicle was owned by Avis and that Appellant was not authorized to drive the vehicle on the date of his arrest. *See* N.T. Suppression Hr'g, 10/28/20, at 36-38. Appellant presented no evidence to the contrary. Under these circumstances, we agree with the trial court that Appellant failed to prove that he had a privacy interest in the vehicle. *See Jones*, 874 A.2d at 118. Therefore, Appellant is not entitled to relief on this issue.

In his second claim, Appellant argues that there was insufficient evidence to prove that he constructively possessed the heroin recovered from under the rear passenger-side seat of the vehicle. Appellant's Brief at 17. In support, Appellant claims that "the narcotics were not in plain view or within arms-length" of Appellant at the time of his arrest. *Id.* at 18. Appellant further claims that because "there was no indicia of [Appellant's] ownership of any items in close proximity to the contraband," the Commonwealth was required to prove that "at some point in time he physically viewed or possessed the narcotics prior to his arrest." *Id.* Appellant asserts that there

was no evidence connecting him "to the vehicle or the narcotics hidden therein." *Id.* at 19. Further, Appellant argues that although he was arrested immediately after he entered the vehicle, there was no evidence that Appellant was in the vehicle at any time before his arrest. *Id.*

The Commonwealth responds that there was sufficient evidence to establish that Appellant constructively possessed the contraband recovered from the rental vehicle. Commonwealth's Brief at 9. In support, the Commonwealth notes that Appellant was the sole occupant of the vehicle where the contraband was found. *Id.* at 11. Further, the Commonwealth emphasizes that Appellant had a "large amount of cash in his pocket in small denominations[, which was] consistent with selling the bundle of small packets of heroin found under the backseat of the car." *Id.* The Commonwealth also notes that there was clothing in the vehicle that appeared to fit Appellant. *Id.*

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh

the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Palmer**, 192 A.3d 85, 89 (Pa. Super. 2018).

In drug possession cases, the Commonwealth must prove that a defendant knowingly or intentionally possessed a controlled substance. **See** 35 P.S. §§ 780-113(a)(30), (a)(16). Possession can be established by "proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted).

"Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." **Commonwealth v. McClellan**, 178 A.3d 874, 878 (Pa. Super. 2018) (citation omitted).

This Court has explained:

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Parrish*, 191 A.3d at 36-37 (citations, brackets, and quotation marks omitted); *see also Commonwealth v. Santiesteban*, 552 A.2d 1072, 1074 (Pa. Super. 1988) (explaining that constructive possession may be established if contraband is located in an area where the individual has control and access).

Here, the trial court addressed constructive possession as follows:

Here, Appellant had obtained possession of the stolen vehicle at some point between January 13, 2020 and January 24, 2020. Appellant was in sole possession of the vehicle when confronted by police outside of the barbershop. Appellant was apprehended while sitting in the driver's seat of the vehicle with the vehicle's keys in the cupholder. Although there was conflicting testimony as to whether the vehicle's engine was on or off, Appellant had actual possession of the vehicle at the time he was arrested.

It is certainly true that at the time of his arrest, Appellant did not have actual possession of the narcotics: they were not on his person, but rather under the rear passenger seat in the vehicle. However, Appellant had possession of the stolen vehicle at the very least on the date in question. There was no testimony that anyone else drove the vehicle while Appellant had possession of the vehicle. Based on both the direct evidence and the circumstantial evidence, Appellant had actual possession over the rental vehicle and constructive possession over the narcotics that were in the cabin of the vehicle. This, together with the large amount of money in various denominations found on Appellant at the time of his arrest,[5] contributed to the court's finding that based on the totality of the circumstances, Appellant had constructive possession of the narcotics found under the rear passenger seat of the vehicle.

_____

[5] We note that, at trial, the Commonwealth's narcotics expert testified that the average weight of the drug packets recovered from the vehicle was 45 milligrams, which was "consistent with a $10 packet of heroin." *See* N.T. Trial, 2/4/21, at 19. With respect to the currency, the expert stated that "the denominations [were] consistent with the sales of $10 packets." *Id.*

Trial Ct. Op. at 5-6 (citation omitted).

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusions. *See Palmer*, 192 A.3d at 89. As noted previously, Appellant had exclusive possession of the vehicle at the time of his arrest. *See Santiesteban*, 552 A.2d at 1074. In addition to the heroin recovered from the vehicle, police also recovered $4,074 directly from Appellant's pockets. At trial, the Commonwealth's expert testified that the large amount of cash was in small denominations that were consistent with the sale of the $10 bags of heroin that were recovered from under the rear passenger side seat. *See* N.T. Trial, 2/4/21, at 19. When viewed together, these factors are sufficient to establish that Appellant constructively possessed the heroin. *See McClellan*, 178 A.3d at 878; *see also Parrish*, 191 A.3d at 36-37. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2022